1  Karen L. Winters, Esq.
   Nevada Bar No. 3086
2  LAW OFFICE OF KAREN L. WINTERS
   P.O. Box 1987
3  Minden, NV  89423
   (775) 782-7933
4  Attorney for Plaintiff
   J. MICHAEL SEYFFERLE
5

6

7                 **UNITED STATES BANKRUPTCY COURT**

8                   **FOR THE DISTRICT OF NEVADA**

9                              * * * * *

10  IN RE:                              **CASE NO.  BK-N-16-50310-btb**

11  LIANNE M. SEYFFERLE nka LIANNE      **CHAPTER 7**
    GIRARDIN,
12                                      **ADVERSARY NO.**

             Debtor.
13  _____/

14  J. MICHAEL SEYFFERLE,               **COMPLAINT OBJECTING TO**
                                        **DISCHARGEABILITY OF DEBT**
15           Plaintiff,

16  v.

17  LIANNE GIRARDIN previously known as
    LIANNE M. SEYFFERLE, and DOES 1-25,
18  inclusive,

19           Defendant.
    _____/
20

21          COMES NOW Plaintiff J. MICHAEL SEYFFERLE, by and through his counsel, Karen

22  L. Winters of the Law Office of Karen L. Winters, and for his claims for relief against the

23  Defendant above-named, hereby avers as follows:

24                        **JURISDICTION AND PARTIES**

25          1.      The above-named and numbered case was commenced by the filing of a

26  Voluntary Petition for Relief under Chapter 7 of Title 11, United States Code, in the above-

27  entitled Court on March 17, 2016, by LIANNE M. SEYFFERLE (hereinafter referred to as

28  "Defendant/Debtor" or "Lianne").

1    2.    This adversary proceeding arises under said Title 11, in the above-named and

2    numbered case, and the above-entitled court has jurisdiction over this matter pursuant to 11

3    U.S.C. §§ 362, 523, 727(c), 28 U.S.C. §§ 157 and 1334, and Rules 4007 and 7001 of the Federal

4    Rules of Bankruptcy Procedure, and is therefore a core proceeding.  This adversary proceeding is

5    brought under 11 U.S.C. § 523(a)(15).  Plaintiff consents to entry of final orders or judgment by

6    the bankruptcy judge.

7    3.    Plaintiff J. Michael Seyfferle ("Michael") is an individual residing in Clark

8    County and the ex-husband of Defendant/Debtor Lianne Girardin previously known as Lianne M.

9    Seyfferle ("Lianne").

10    4.    Defendant/Debtor Lianne Girardin, previously known as Lianne M. Seyfferle is an

11    individual residing in Carson City, Nevada.

12    5.    Plaintiff does not know the true names of defendants DOES 1 through 25,

13    inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes,

14    and on the basis of that information and belief alleges, that each of those defendants was in some

15    manner negligently and proximately responsible for the events and happenings alleged in this

16    complaint and for Plaintiff's damages.

17                                **CLAIM FOR RELIEF**

18                          **Enforcement of Divorce Judgment**

19    6.    Plaintiff incorporates paragraphs 1 through 5 as though fully set forth herein.

20    7.    On July 24, 2013, Lianne obtained a "Decree of Divorce" by Default in that

21    certain case entitled LIANNE SEYFFERLE v. J. MICHAEL SEYFERRLE  filed in the Ninth

22    Judicial District Court of the State of Nevada in and for Douglas County, as Case No. 12-DI-

23    0295 in Department 2 ("Divorce Action"). A true and correct copy of that Decree of Divorce is

24    attached hereto as Exhibit "A".

25    8.    On November 4, 2014, an "Order Granting Motion to Vacate Decree of Divorce

26    in Part" was filed in that same Divorce Action described herein above in Paragraph 7. A true and

27    correct copy of that Order is attached hereto as Exhibit "B".

28    9.    On December 19, 2014, an "Order After Hearing On December 17, 2014" was

                                        - 2 -

1  filed in that same Divorce Action described herein above in Paragraph 7. A true and correct copy

2  of that Order is attached hereto as Exhibit "C".

3       10.    On April 7, 2015, an "Order For Contempt" was filed in that same Divorce Action

4  described herein above in Paragraph 7. A true and correct copy of that Order is attached hereto as

5  Exhibit "D".

6       11.    On December 21, 2015, an "Order After Hearing On Motion For An Order To

7  Show Cause Regarding Contempt And Motion Regarding Issues Not Previously Addressed In

8  This Divorce" was filed in that same Divorce Action described herein above in Paragraph 7. A

9  true and correct copy of that Order is attached hereto as Exhibit "E".

10      12.    On March 29, 2016, a "Declaration of Interest On Judgment" was filed in that

11 same Divorce Action described herein above in Paragraph 7. A true and correct copy of that

12 Declaration is attached hereto as Exhibit "F".

13      13.    The culmination of the divorce proceedings finally resulted in an equitable

14 division of property between Michael and Lianne. No amounts represent any child support or

15 alimony due from Defendant/Debtor Lianne.

16      14.    Pursuant to 11 U.S.C. 523:

17           (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of
             this title does not discharge an individual debtor from any debt–
18              ...
19           (15)  to a spouse, former spouse, or child of the debtor and not of
             the kind described in paragraph (5) [domestic support obligation] that is incurred
             by the debtor in the course of a divorce or separation or in connection with a
20           separation agreement, divorce decree or other order of a court of record, or a
             determination made in accordance with State or territorial law by a governmental
21           unit

22           The debt owed to Michael therefore is not dischargeable in Defendant/Debtor Lianne's

23 Chapter 7 bankruptcy herein.

24      15.    Lianne's petition for Chapter 7 protection in this Court does not include any

25 reference to the Divorce Decree and Subsequent Orders identified herein above, nor to any

26 amounts awarded to Michael, however, in Part 2 of Official Form 106 E/F, at paragraph 4.8 in

27 said petition, Lianne has listed a portion of the amounts addressed in the above-identified

28 Divorce Action. In that paragraph 4.8, the debts identified in Exhibit "E" attached hereto as due

1  Donald and Jill Seyfferle are listed as being "unknown" amounts, despite the exact amount being

2  set forth in Exhibit "E".

3      16.      Plaintiff is informed and believes that Lianne has the ability to comply with the

4  Orders of the Court in the Divorce Action pursuant to the "Trustee's Notice of Finding Assets,

5  Notice to File Proof of Claim, and Notice of Time Limitation" filed in the instant bankruptcy

6  matter on or about May 25, 2016. In addition, Lianne has a Profit Sharing Plan Account with her

7  employer, Southwest Airlines, which Plaintiff is informed and believes is not an exempt asset,

8  although it may be listed in Schedule C of her Petition herein as a "retirement account". Lianne

9  also remains employed by Southwest Airlines.

10      WHEREFORE, Plaintiff requests judgment against Defendant for the following:

11  1.      That the Court determine Plaintiff's award under the Divorce Action, in the total

12          amount of $102,228.78 plus any IRS penalties and interest assessed thereto, is not

13          dischargeable in Defendant/Debtor's bankruptcy action;

14  2.      For reasonable attorney's fees in an amount according to proof;

15  3.      For all costs of this action; and

16  4.      For all such other and further relief, at law or in equity, as this Court may deem

17          proper and just.

18      DATED: June 9, 2016.                    LAW OFFICE OF KAREN L. WINTERS

19

20                                              Karen L. Winters, Esq.
                                                Nevada Bar No. 3086
21                                              P.O. Box 1987
                                                Minden, Nevada 89423
22                                              (775) 782-7933
                                                Attorney for Plaintiff J. Michael Seyfferle

23

24

25

26

27

28

- 4 -

# EXHIBIT "A"

# EXHIBIT "A"

FILED

2013 JUL 24  AM 10: 44

RECEIVED

JUL 1 5 2013

DOUGLAS COUNTY
DISTRICT COURT CLERK

.de No. _____

Jur Name:    Lianne Sey ferle

FED THRAN
CLERK

.ldress:    2792 Pamel[ ]Pl

Minden NV 89423    BY: _____ DEPUTY

l lephone:    (775) 450-1 739

In Pr per Person

IN THE NINTH  JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN A ND FOR THE COUNTY OF DOUGLAS _____

|  |  |
|---|---|
| )<br>Lanne Seyfferle _____ )<br>Plaintiff, )<br>vs )<br>)<br>Michael Seyfferle _____ )<br>Defendant, )<br>_____ ) | CASE NO.: 12-DI-0295 _____<br><br>DEPT. NO.: I _____<br><br>DATE OF HEARING: n/a<br><br>TIME OF HEARING: n/a |

**DECREE OF DIVORCE**
**(No Children)**

This cause coming before the Court by (Check either Summary Disposition or Hearing)

☑ Summary Dispos tion (check one)

    ☑ Both parties acting in Proper Person

    ☐ Both parties represented by counsel

☐ _____ represented by counsel and _____ acting
      (Plaintiff/Defendant)               (Plaintiff/Defendant)

    in Proper Person

☐ Hearing

    ☐ Plaintiff appearing (check one) ☐ in Proper Person / ☐ through counsel/ ☐
    not appearing

    ☐ Defendant appearing (check one) ☐ in Proper Person / ☐ through counsel/ ☐

    not appearing

    AND

1

1

(check one)

2    ☑    an affidavit of resident witness having been received

3    ☐    testimony of the resident witness having been received

4        AND

5    The parties having been duly served

6        AND

7    The Court, having (check all that apply)

8    ☑ reviewed the pleadings and papers on file

9    ☐ heard the testimony presented this date,

10    The Court finds as follows:

11
**SERVICE**
**Check all that apply**

12

13    1. ☑ The Defendant was served the Summons and Complaint (check only one box)
        ☐ personally

14        ☑ by publication and mailing.

15    ☐The Plaintiff was served the Answer or Answer and Counterclaim (check only one box)
        ☐ personally

16        ☐ by mail

17

18
**HOW CASE RESOLVED**
**Check only one box**

19    2. ☑ A Default has been filed against the Defendant on the Complaint

20    ☐ A Default has been filed against the Plaintiff on the Counterclaim

21    ☐ An agreement has been reached by the parties
    ☐ A decision having been given by the Court

22

23
**RESIDENCY REQUIREMENT**

24

25    3.    The (check one) ☑Plaintiff/ ☐Defendant is a resident of the State of Nevada,

26    County of _Douglas_ a _____ and for a period of more than six weeks immediately

27

28
2

preceding the commencement of this action has resided in, been physically present in, and is a

resident of the State of Nevada, and intends to continue to make the State of Nevada his/her home

for an indefinite period of time.

<u>**MARRIAGE INFORMATION**</u>

4.  That the parties were married on <u>April 11, 1992</u>          in <u>Tempe</u>
                                                    (date of marriage)                    (city and state)
<u>Arizona</u>                        ;
                                            (Check one)
        ☑ The parties are incompatible in marriage and there is no hope for
reconciliation;

        ☐ The parties have lived separate and apart for more than one year without
                cohabitation.

<u>**CHILDREN'S INFORMATION**</u>

5.  That there are no minor children who are either the issue of this marriage

or have been adopted by the parties. (Check one that applies to wife) ☑Plaintiff/ ☐Defendant

is not currently pregnant.

<u>**DIVISION OF ASSETS AND DEBTS**</u>

6.                              **(CHECK ONLY ONE BOX)**

        ☐ That there is no community property to be adjudicated by the Court;

                                            **OR**

        ☑ That the property division set forth below is, to the extent possible, an equal

distribution of the community property.

3

7.                     **(CHECK ONLY ONE BOX)**

☐ That there are no community debts to be adjudicated by the Court;

**OR**

☑ That the division of community debts set forth below is, to the extent possible, an equal distribution of the community debts;

| SPOUSAL SUPORT |

8.                     **(CHECK ALL THAT APPLY)**

☐ That neither party should be awarded spousal support.

**AND/OR**

☑ That the Court should award spousal support as set forth below;

☐ That pursuant to an order filed on _____ (check one)☐Husband/ ☐
                                              (date)
Wife owes $_____ in spousal support arrearages and that amount should be reduced to judgment.

| WIFE'S NAME |

9.                     **(CHECK ONLY ONE BOX)**

☐ That Wife should not have her former or maiden name restored.

**OR**

☑ That Wife should have her former or maiden name

Lianne Girardin _____ restored to her.

**OR**

☐ That Wife never changed her name and therefore should retain her current name.

Therefore, **IT IS ORDERED, ADJUDGED AND DECREED** that the bonds of

4

1   matrimony now and heretofore existing between the parties are hereby wholly dissolved, set

2   aside and forever held for naught, and an absolute Decree of Divorce is hereby granted to the

3   parties, and each of the parties are hereby restored to the status of a single, unmarried person.

4

5       IT IS FURTHER ORDERED, ADJUDGED AND DECREED The community

6   property should be divided as follows: (Include retirement accounts, bank accounts, pension

7   benefits and vehicles. When listing accounts, use the last four digits of the account number, if

8   known. Include the VIN numbers when listing vehicles. If no community property, write "N/A")

9

10                    WIFE SHALL RECEIVE THE FOLLOWING
11                    AS HER SOLE AND SEPARATE PROPERTY:

12   Any and all assets currently in her
     possession
13   401K in the name of Lianne Seyfferle
14   House at 2792 Pamela Pl., Minden
     Chevy Tahoe
15

16

17

18

19

20

21

22

23

24

25              HUSBAND SHALL RECEIVE THE FOLLOWING
26              AS HIS SOLE AND SEPARATE PROPERTY:

     1993 GMC Sonoma
27

28                            5

**HUSBAND SHALL RECEIVE THE FOLLOWING DEBTS
AS HIS SOLE AND SEPARATE DEBTS AND
SHALL INDEMNIFY AND HOLD WIFE HARMLESS FROM THESE DEBTS**

Any and all debt in his sole name

$500 to Wells Fargo Checking Debt -

Paid directly to Wife

$1000 for damage done to wife's current

property - Paid directly to Wife

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED (check all that apply)**

☐ Neither party shall be awarded spousal support.

☑ Wife shall receive spousal support in the amount of $ 1000 _____ per

(Amount Wife to receive)

month _____, due and payable on the first _____ of each

(Week or month)                                          (Date amount due)

month _____ for a period of 15 years _____

(Week or month)                (Number of weeks, months or years)

The spousal support shall begin on May 1, 2013 _____

(Date spousal support to begin)

and end on May 1, 2028 _____. Spousal support

(Date last spousal support payment will be made)

shall cease upon the remarriage of the recipient or the death of either party.

☐ Husband shall receive spousal support in the amount of $ _____ per

(Amount to be received)

7

_____, due and payable on the _____ of each
(Week or month)                                    (Date amount due)

_____ for a period of _____
(Week or month)                    (Number of weeks, months or years)

The spousal support shall begin on _____
                                    (Date spousal support to begin)

and end on _____. Spousal support shall
                (Date last spousal support payment will be made)
cease upon the remarriage of the recipient or the death of either party.

☐ (check one) ☐ Husband/☐ Wife owes spousal support arrearages of

$_____. That amount is reduced to judgment.

IT IS FURTHER ED ORDERED, ADJUDGED AND DECREED that (check only one
box)

☑ Neither party is awarded attorneys fees or costs.

☐ Husband is awarded attorneys fees and costs in the amount of $_____.

That amount is reduced to judgment.

☐ Wife is awarded attorneys and costs in the amount of $_____. That amount
is reduced to judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that (check one that
applies to wife) ☑ Plaintiff/☐ Defendant's name shall (check one)☑ change to/☐ stay as name of
full name wife wants to have) Lianne Girardin _____.

NOTICE IS HEREBY GIVEN that the parties are required to contact this Court to
determine whether the following provision applies:

Each party shall submit the information required in NRS 125B.055, NRS 125.130 and
NRS 125.230 on a separate form to the Court and the Welfare Division of the
Department of Human Resources within ten days from the date this Decree is filed.
Such information shall be maintained by the Clerk in a confidential manner and not part

8

of the public record. The parties shall update the information filed with the Court and the Welfare Division of the Department of Human Resources within ten days should any of that information become inaccurate.

DATED this 2 day of (month) July (year) 2015

_____
DISTRICT COURT JUDGE

Respectfully submitted:

(Plaintiff's signature) _____

(Plaintiff's name) Lianne Seyfferle

(Address) 2792 Pamela Pl

Minden NV 89423

(Telephone) (775) 450-1739
In Proper Person

(Defendant's signature) _____

(Defendant's name) _____

(Address) _____

_____

(Telephone) _____
In Proper Person

/// 
///
///
///
///
///

CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original in file and of record in my office.
DATE _____  9
TED THRAN-Clerk of the 9th Judicial District Court of the State of Nevada, in and for the County of Douglas,
By _____ Deputy

# EXHIBIT "B"

# EXHIBIT "B"

RECEIVED

NOV 04 2014

DOUGLAS COUNTY
DISTRICT COURT CLERK

BOBBIE R. WILLIAMS
CLERK
M. BIAGGINI
BY_____DEPUTY

2014 NOV -4 PM 2: 28

1  Case No. 12-DI-0295

2  Dept. No. II

3

4

5

6

7

8

    IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

           IN AND FOR THE COUNTY OF DOUGLAS

9  LIANNE SEYFFERLE,

10      Plaintiff,

11  vs.

12  J. MICHAEL SEYFFERLE,

13      Defendant.

ORDER GRANTING
MOTION TO VACATE DECREE OF
DIVORCE IN PART

14      THIS MATTER comes before the court at the request of the

15  Defendant, J. Michael Seyfferle ("Michael") on his *Motion to Set*

16  *Aside Decree of Divorce et al.*, filed July 28, 2014.  The

17  Plaintiff, Lianne Seyfferle ("Lianne") filed her opposition on

18  September 25, 2014, and Michael filed his reply thereto on

19  October 8, 2014.

20

21      The court has considered the files and records in this case

22  and finds and orders as follows:

23      Lianne filed for divorce on June 15, 2012. On April 22,

24  2013, the case was transferred to this court from Department I.

25  On July 24, 2013, the court entered a Decree of Divorce following

26  entry of a default order on July 15, 2013.  The Decree provided

27

28

1

MICHAEL P. GIBBONS
DISTRICT JUDGE
DOUGLAS COUNTY
P.O. BOX 218
MINDEN, NV 89423

for Michael to pay Lianne alimony in the amount of $1,000 per month year for a period of fifteen (15) years.

Michael now seeks to set aside the Decree based on: 1) lack of personal service; 2) fraud and misconduct by Lianne; and 3) that the judgment is void.  Michael argues he should have been personally served with the complaint, that Lianne knew of his whereabouts and as such, there were no grounds for publication of the summons.

Michael further argues the complaint, which was filed on June 15, 2012, was required to be served within 120 days under court rules, and since no motion to enlarge time to serve was filed, the court did not have jurisdiction to issue a default or a Decree of Divorce.  Michael argues the case should have been dismissed for failure to timely serve process and therefore the Decree is void. Michael contends the six-month deadline does not apply to void judgments.

Lianne denies any wrongdoing, fraud, misconduct, or knowledge of Michael's whereabouts at the time the divorce action was filed. Lianne points out that the court allowed service by publication as reflected by its *Order for Service by Publication,* entered May 8, 2013, and so personal service was not required.

Lianne argues Michael has failed to bring his motion within the six-month time limit under the rule and that his motion should have been filed on or about January 24, 2014 (six months from entry of Decree). Lianne claims Michael was put on notice of

the alimony obligation in September of 2013 when his wages were garnished to pay the support obligation he is now complaining of, yet he failed to seek appropriate relief at that time either.

Finally, Lianne argues the court retained jurisdiction beyond the 120-day deadline to serve process under the rule based on good cause.

In addition to personal service, the court may allow service by publication after considering the affidavit of the party seeking relief. NRCP 4(e)(1). The rule also provide for dismissal of an action if service of the summons and complaint is not made within 120 days after the filing of the complaint. NRCP 4(I).

The court may set aside a default judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect. NRCP 60(b). The court may consider whether the moving party: (1) has made prompt application to remove the judgment; (2) has shown an intent to delay the proceedings; (3) lacks knowledge regarding the procedural requirements, and (4) has acted in good faith. *See Ogle v. Miller,* 87 Nev. 573 (1971).

The moving party has the burden of proof to show, by a preponderance of the evidence, that relief is warranted. *See Britz v. Consolidated Casinos Corp.,* 87 Nev. 441 (1971). The court also recognizes the basic policy to decide each case on its merits. *See Hotel Last Frontier Corp. v. Frontier Properties, Inc.,* 79 Nev. 150, 155 (1963).

The court has wide discretion to set aside the final

3

judgment, and barring an abuse of discretion, its determination will not be disturbed. *Union Petrochemical Corp. v. Scott,* 96 Nev. 337, 609 P.2d 323 (1980). When a party seeks to set aside the judgment under NRCP 60(b), relief may be denied if there is sufficient evidence contained in the record to support the judgment.  *See Smith v. Smith,* 102 Nev. 110, 716 P.2d 229 (1986).

The court may also grant relief based on a clerical or judicial error, or in cases of extrinsic fraud, and the court is not bound by the six-month limitation. NRCP 60(a).

In seeking relief under NRCP 60(b) subsections (1), (2) or (3), the moving party must make his or her request within six months after the written notice of entry of the judgment was served.

If a party claims the judgment is void under subsection (4), the six-month time limit may or may not apply. The court maintains discretion to consider the moving party's lack of diligence and delay in requesting relief. *Teriano v. Nevada State Bank,* 121 Nev. 217, 222, 112 P.3d 1058, 1061(2005) (overruling language in *Garcia v. Ideal Supply Company, Inc.,* 110 Nev. 493, 495, 874 P.2d 752, 753 (1994) suggesting lack of diligence is not an issue in subsection (4) challenges.

An aggrieved party may also seek relief under NRCP 60(c) if he or she was not personally served.  Similar to Rule 60(b) requests, the motion must be brought within six months after the date of service of written notice of entry of the judgment. NRCP

4

MICHAEL P. GIBBONS
DISTRICT JUDGE
DOUGLAS COUNTY
P.O. BOX 218
MINDEN, NV 89423

60(c).

The records show Lianne filed her complaint in Department 1 on June 15, 2012 and did not bring a motion to enlarge time for service before the 120-period had passed (on or about October 15, 2012) or at any other time.

The court did not dismiss the case and no motion to dismiss was filed by Michael. The court could have considered a motion to enlarge time, dismissed the case or taken other action in the interests of justice. NRCP 1; NJDCR 1(c).

Although the language in the rule appears to be mandatory,[1] this court nevertheless retains broad discretion and authority to allow a claim to proceed beyond the period based on the facts and circumstances of each case. *Scrimer v. Eighth Judicial District Court,* 116 Nev. 507, 517, 998 P.2d 1190, 1196 (2000) (balanced and multifaceted analysis is warranted in determining whether to dismiss a complaint under rule 4(I)).

The court finds Michael was served by publication as allowed under NRCP 4(e)(1).  In granting Lianne's request, the court had before it her Affidavit dated April 16, 2014, showing grounds supporting service by publication (that Michael could not be found or personally served). It appears Michael was properly

---

[1] NRCP 4(I) provides in relevant part: "*If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion, unless the party on whos behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period.*"

5

served by publication ending June 22, 2013 and Michael did not file an answer or otherwise respond.

Subsequently, the Decree of Divorce was entered on July 24, 2013. No notice of entry of the Decree was filed. See NRCP 60(c). Nevertheless, the evidence shows Michael's wages were garnished for the alimony obligation on or about September 15, 2013. Michael did not file a motion to vacate the judgment or challenge the court's jurisdiction at that time.

Nevertheless, during all the relevant times, there was a criminal case pending in Douglas County against Michael and Lianne was a witness and an indirect victim.  Her boyfriend was the direct victim.  Michael appeared in court a number of times including in the East Fork Justice Court for his preliminary hearing on April 12, 2013 and in the Ninth Judicial Court for his arraignment before the undersigned judge on June 3, 2013.  He easily could have been served with the complaint.  *See* case numbers 13-CR-0553 (Justice Court) and 13-CR-0033 (District Court).

Accordingly, the court finds that Lianne failed to comply with the rules regarding service, and Notice of Entry of Judgment.  Therefore, the statutory time periods never started running.  The judgment is set aside under NRCP 60(b) due to mistake, excusable neglect, or misconduct.  Michael is only challenging the award of alimony, so only that part is vacated.

It is troubling that Michael waited so long to file his

6

motion.   Nevertheless, justice requires that this matter be heard on its merits.   The Judgment of Divorce will remain in effect but the financial order of spousal support for $1,000 per month for 15 years is immediately suspended - no garnishment or attachment shall be issued or honored.

The parties shall contact the court on **Monday, November 10, 2014 at 4:00 p.m.** to set a case management conference pursuant to NRCP 16.2.

**IT IS SO ORDERED.**

Dated this __4__ day of November, 2014.

MICHAEL P. GIBBONS
DISTRICT JUDGE

Copies served by mail/messenger service/email this __4__ day of November, 2014, to:

J. Michael Seyfferle
67 Megan Drive
Henderson, NV 89074
Mikesefferle@yahoo.com

Kathleen Kelly, Esq.
P.O. Box 2607
Minden, NV 89423
kathleen@kathleenkellylaw.com

Vicki Barrett

7

MICHAEL P. GIBBONS
DISTRICT JUDGE
DOUGLAS COUNTY
P.O. BOX 218
MINDEN, NV 89423

# EXHIBIT "C"

# EXHIBIT "C"

1  Case No. 12-DI-0295

2  Dept. No. II

3

4

5

6

7         IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8                  IN AND FOR THE COUNTY OF DOUGLAS

9  LIANNE SEYFFERLE,

10         Plaintiff,                    **ORDER AFTER HEARING ON**
                                         **DECEMBER 17, 2014**
11  vs.

12  J. MICHAEL SEYFFERLE,

13         Defendant.

14         THIS MATTER comes before the court on December 17, 2014 for

15  a Case Management Conference scheduled following entry of the

16  *Order Granting Motion to Vacate Decree of Divorce in Part* on

17  November 4, 2014 (November 2014 Order).  Present at the hearing

18  was the Defendant, J. Michael Seyfferle ("Michael") in person

19  representing himself, and the Plaintiff, Lianne Seyfferle

20  ("Lianne") also appeared in person with her attorney, Laurie

21  Trotter.

22

23         On December 1, 2014, Michael filed a *Motion for Restitution*

24  *for Money Paid on Vacated Order*.  Lianne has not yet filed an

25  opposition.

26         The purpose of the Case Management Conference (NRCP 16.2)

27

28                                     1

MICHAEL P. GIBBONS
DISTRICT JUDGE
DOUGLAS COUNTY
P.O. BOX 218
MINDEN, NV 89423

was to address the alimony provisions of the Decree of Divorce,
which required Michael to pay Lianne $1,000 for a period of 15
years.[1] The alimony obligation was vacated pursuant to the
November 2014 Order, but all other orders in the Decree,
including the property and debt division remained intact.

The court considered the statements of both parties and the
financial disclosure forms, exhibits and information submitted by
both parties.

During the hearing, the parties engaged in lengthy
settlement discussions and came to an agreement to resolve all
outstanding issues.  The court canvassed the parties who
indicated they understood the agreements and agreed to follow
them.  The court finds and orders as follows:

**A.    Michael's alimony obligation**

1.    Michael has made alimony payments to Lianne through a
wage assignment in the amount of $1,000 per month since the
Decree entered in July 2013 through October 2014 in the
approximate amount of $15,000.

2.    The parties agreed that all previous alimony payments
made since entry of the Decree are valid and considered income to
Lianne and tax deductible to Michael.  Michael agreed to withdraw
his motion for restitution.

3.    Michael agrees to pay $500 per month in alimony to
Lianne for a period of twelve months.  The first payment shall be

_____

[1]    The detailed facts are contained in the November 2014 Order and
will not be repeated here.

2

made immediately through Lianne's prior attorney's office (Ms.
Kelly) for the month of January 2015 in the amount of $500. (This
money was obtained through the wage assignment and is being held
by Ms. Kelly.)  Michael shall be responsible for the remaining
eleven payments.

4.   Alimony shall be paid by Michael on the 21st day of
each month, beginning February 2015, with the last payment due on
December 21st, 2015. Payments shall be made by electronic
transfer from Michael's bank account to Lianne's Bank of America
checking account No. 501008379546.  Both parties shall cooperate
in making arrangements with their financial institutions for the
funds transfer.

5.   Electronic fund transfers pursuant to this order shall
not constitute a violation of the no-contact provisions entered
in Ninth Judicial District Court Case No. 13-CR-0033.

6.   The alimony obligation shall terminate upon the
remarriage or death of Lianne during the period.  Either party
may seek a modification of the obligation based on changed
circumstances. NRS 125.150.

B.   **Sale of Marital Home**

1.   Michael previously signed a Quit Claim Deed on the
marital home located at 2792 Pamela Place, Minden, Nevada 89423
and no longer has a legal interest, but his name remains on the
loan.  Lianne still resides in the home, but has not made all the
mortgage payments.

3

2.    Lianne will immediately contact a real estate professional to investigate the market value and list the home for sale. The parties acknowledge that the home may be found to be "underwater."  In other words, the amount of the loan exceeds the market value.  In that case, Lianne shall pursue a short sale immediately.

2.    The parties have agreed Michael shall have contact with the real estate professional and other persons involved with a sale (or short sale) of the home. Lianne shall provide Michael's contact information to the real estate professional, banker, title company, and others involved in the sales transaction.

3.    Upon a sale, any net proceeds shall be shared equally between the parties.

**C.    Other Property-Related Issues**

The parties agreed that the property and debt division set forth in the 2013 Decree, other than as described in this order, was fair and equitable.  In addition the parties have agreed as follows:

1.    Neither party will make a claim on the other party's retirement assets.

2.    All other personal property already divided and in the other parties' possession shall be confirmed and each party shall be responsible for any debt associated therewith.

3.    Absent a written agreement or subsequent court order, the parties' tax obligations previously established in

4

the 2013 Decree shall remain in effect.

    4.    All other debts and liabilities between the parties, including the loan to Michael's parents, are not affected by this order.

**D.   Name Change**

    1.    Lianne's request to change her name to her maiden name is granted. Lianne shall be known as LIANNE MARIE GIRARDIN.

    All other orders not inconsistent herewith shall remain in full force and effect.

    **IT IS SO ORDERED.**

    Dated this ___ day of December, 2014.

                             MICHAEL P. GIBBONS
                             DISTRICT JUDGE

Copies served by mail/email this 19 day of December, 2014, to:

J. Michael Seyfferle
67 Megan Drive
Henderson, NV 89074

Lianne Seyfferle
2792 Pamela Place
Minden, NV 89423

Laurie Trotter, Esq.
316 California Avenue #88
Reno, NV 89509

                             Vicki Barrett

5

# EXHIBIT "D"

# EXHIBIT "D"

RECEIVED

FILED

APR 07 2015

Douglas County
District Court Clerk

2015 APR -7  PM 3: 48

BOBBIE R. WILLIAMS
CLERK
D. MECIMOVICH
BY_____DEPUTY

1  Case No. 12-DI-0295

2  Dept. No. II

3

4

5

6

7  IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

   IN AND FOR THE COUNTY OF DOUGLAS

8

9  LIANNE SEYFFERLE,

10      Plaintiff,                         **ORDER FINDING CONTEMPT**

11  vs.

12  J. MICHAEL SEYFFERLE,

13      Defendant.

14      THIS MATTER comes before the court on April 2, 2015 at the

15  request of the Defendant, J. Michael Seyfferle ("Michael") on his

16  Motion for Order to Show Cause Re: Contempt, filed February 2,

17  2015.   The Plaintiff, Lianne Seyfferle ("Lianne") did not file an

18  opposition or otherwise respond. Both parties appeared in person

19  representing themselves.

20

21      The court considered the testimony of both parties and the

22  pleadings and evidence submitted by Michael and finds and orders

23  as follows:

24      On December 17, 2014, the court entered an Order After

25  Hearing on December 17, 2014 (December 2014 Order).   The December

26  2014 Order provided for Lianne to "*contact a real estate*

27

28                                    1

DISTRICT JUDGE
DOUGLAS COUNTY
P.O. BOX 218
MINDEN, NV 89423

*professional to investigate the market value and list the home for sale."* (December 2014 Order, p. 4).  Lianne has not yet signed a listing agreement.  Michael brought this motion requesting the court find Lianne in contempt for failing to comply.

In response, Lianne testified she did contact a real estate professional, but admitted she has not signed a listing agreement.  Lianne claims she has not signed the listing agreement because does not have the financial ability to move out and pay for another place to live.

Lianne also testified she took over maintenance of the home when it was five (5) months in arrears on the mortgage, that she was recently involved in a serious car accident, and that the parties have no equity in the home.

The court has power to find a person in contempt for failing to comply with a court order and may impose an appropriate sanction. NRS 22.010(3); NRS 22.100(2).  *See Rodriguez v. Eighth Judicial District Court,* 120 Nev. 798, 102 P.3d 41 (2004) (actions of father in refusing to comply were willful).

The purpose of the civil contempt statute is not to punish, but to compel compliance with the court's orders. A party may defend his actions if he or she can show the court order is unclear or ambiguous. *See Cunningham v. District Court,* 102 Nev. 551 (1986).

The court finds the December 2014 Order is clear and

2

unambiguous. Lianne has not presented any credible reason, excuse or legal justification for not listing the home as ordered. Nearly four months have passed since the December 2014 Order was entered. No evidence has been presenting showing a listing agreement has been signed.

The court finds Lianne has willfully failed to comply with the December 2014 Order and is in contempt. Michael's motion is therefore GRANTED.

At this time, the court will not impose a monentary penalty or jail time. In order the purge the contempt, Lianne shall take the following action:

1.    Lianne shall list the home with a Realtor within seven court days or on or before 5:00 p.m. on April 10, 2015.

2.    Lianne shall provide a copy of the listing agreement to Michael immediately.

3.    If Lianne does not comply, Michael may contact the court, present proof of Lianne's noncompliance and request a hearing.  At that time, the court will determine whether a hearing is necessary. At the hearing, the court will consider the evidence and may require Lianne to pay a monetary penalty, serve jail time, or both. NRS 22.100. The court will enter any other orders as necessary.

/////

/////

/////

3

All other orders not inconsistent herewith shall remain in effect.

**IT IS SO ORDERED.**

Dated this _7_ day of April, 2015.

_____
David R. Gamble
SENIOR DISTRICT JUDGE

Copies served by mail this _2_ day of April, 2015, to:

J. Michael Seyfferle
67 Megan Drive
Henderson, NV 89074

Lianne Seyfferle
2792 Pamela Place
Minden, NV 89423

_____
Vicki Barrett

4

# EXHIBIT "E"

# EXHIBIT "E"

**RECEIVED**

**DEC 18 2015**

Douglas County
District Court Clerk

FILED

2015 DEC 21  PM 3: 06

DOUGLAS R. WILLIAMS
CLERK
BY_____DEPUTY

1  CASE NO.: 12-DI-0295

2  DEPT. NO. : II

3

4

5

6  IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7  IN AND FOR THE COUNTY OF DOUGLAS

8  * * * * *

9  LIANNE GIRARDIN, previously known as
   LIANNE SEYFFERLE,                          ORDER AFTER HEARING ON
10                                             MOTION FOR AN ORDER TO SHOW
        Plaintiff,                             CAUSE REGARDING CONTEMPT
11                                             AND MOTION REGARDING ISSUES
    v.                                         NOT PREVIOUSLY ADDRESSED IN
12                                             THIS DIVORCE
    J. MICHAEL SEYFFERLE,
13
        Defendant.
14  _____/

15       This matter came before the Court on November 24, 2015, on Defendant J. Michael

16  Seyfferle's motion for an Order to Show Cause Why Plaintiff Lianne Girardin previously known

17  as Lianne Seyfferle should not be found in contempt for failure to make mortgage payments as

18  required under the Decree of Divorce entered on July 24, 2013, and for an order dividing debts

19  and liabilities of the community not previously addressed in this action, as allowed in this

20  Court's Order After Hearing of December 17, 2014, entered on December 19, 2014.

21  Defendant/Movant J. Michael Seyfferle ("Mike") was present with his attorney of record, Karen

22  L. Winters of the Law Office of Karen L. Winters. Plaintiff/Non-movant Lianne Girardin

23  ("Lianne") was presenting and in propria persona. The Court having considered the written

24  pleadings, oral evidence, documents admitted in evidence, and arguments of the parties, makes

25  the following findings and Orders.

26       The Court finds, on the issue of civil contempt, that Lianne Girardin acknowledged she

27  did not make the mortgage payments on the residence after obtaining exclusive possession and

28  control over the residence in accordance with the Decree of Divorce. Her non-payment, however,

1  was not willful therefore there is no civil contempt.

2       The Court further finds, on J. Michael Seyfferle's claim for recoupment of equity in the
3  residence, that in the Decree of Divorce Lianne Girardin agreed to pay the mortgage on the
4  residence and to refinance the residence within two years of the Decree. Although J. Michael
5  Seyfferle's signature on the quitclaim deed had some relevance to the issues decided by the
6  Court, the Decree and later Order of the Court filed on December 19, 2014, negates its relevance.
7  The court Order setting aside a part of the Decree in November 2014 and the subsequent Order
8  filed on December 19, 2014 also recognized J. Michael Seyfferle was still on the residence loan
9  debt and the Court had ordered the proceeds of the sale to be split equally, all of which reduced
10 the weight of the quitclaim deed. Lianne Girardin's failure to pay the mortgage following the
11 Decree of Divorce impacted J. Michael Seyfferle in the amount of $21,426.38, to which he is
12 now entitled.

13      The Court further finds, on J. Michael Seyfferle's claim dividing the $150,000
14 promissory note debt to Donald and Jill Seyfferle, that Donald and Jill Seyfferle's Declaration
15 filed in this matter shows a principal balance of $124,679.48 owing under the note as of
16 November 10, 2014, and that amount stated is reliable and credible. The Court Order of
17 December 2014 specifically left the issue of division of this debt open for further proceedings.
18 This Court now finds this debt was confirmed by the written promissory note, and is a
19 community debt, therefore Lianne Girardin is responsible for one-half the principal, that amount
20 being $62,339.74, plus interest at the rate of 6.25% from that date of November 10, 2014, as
21 stated in the promissory note.

22      The Court further finds, on J. Michael Seyfferle's claim to divide the second loan from
23 Donald and Jill Seyfferle, that the principal balance of this loan showed a principal balance of
24 $8,700.18 as of November 2014, which is a reliable and credible figure. The Court finds the
25 Decree had not yet been entered as of the date of creation of this debt, and the parties were not
26 separated as of the date of this debt. All debts during marriage are community and the Court must
27 look at whether it was a wasting of assets or there was misconduct. The Court finds J. Michael
28 Seyfferle did not waste assets or engage in misconduct, therefore this debt must be divided

- 2 -

1  evenly between the parties and Lianne Giardin is responsible for one-half the principal, that

2  amount being $4,350.09, plus the stated variable interest of 11.99% as stated in the promissory

3  note.

4      The Court further finds that J. Michael Seyfferle's claim of further division of personal

5  property is not properly before the Court, in that all personal property has been divided in the

6  previous Court Orders.

7      The Court further finds that, based on the agreement of the parties in the hearing, the IRS

8  liens are community debt, therefore the IRS lien for 2010 taxes in the principal amount of

9  $7,587.43 shall be paid one-half by each party, being $3,793.71 each, plus any penalties and

10  interest as may accrue. The IRS lien for 2012 taxes in the principal amount of $7,495.00 plus

11  interest in the amount of $487.03 previously accrued shall be paid one-half by each party, being

12  $3,991.01 each, plus any penalties and interest as may accrue.

13     The Court further finds, based on the acknowledgment of the parties in the hearing, that

14  no other community debts or asset remain in issue in this matter, and all debts and assets are now

15  addressed by this Court.

16     IT IS THEREFORE ORDERED, that Judgment shall be and hereby is entered in favor of

17  J. Michael Seyfferle and against Lianne Girardin, previously known as Lianne Seyfferle, in the

18  amount of $21,426.38 for recoupment of J. Michael Seyfferle's equity in the residence; in the

19  further amount of $62,339.74 plus interest thereon at the rate of 6.25% from November 10, 2014,

20  representing one-half the larger debt to Donald and Jill Seyfferle; in the further amount of

21  $4,350.09 plus variable interest of 11.99% from November 2014; each party to pay one-half the

22  IRS lien for 2010 taxes in the principal amount of $7,587.43, being $3,793.71 each, plus any

23  penalties and interest as may accrue; and each party to pay one-half the IRS lien for 2012 taxes in

24  the principal amount of $7,495.00 plus interest in the amount of $487.03 previously accrued,

25  being $3,991.01 each, plus any penalties and interest as may accrue.

26     IT IS FURTHER ORDERED that J. Michael Seyfferle's request for an Order further

27  dividing personal property of the community is denied.

28  ////

- 3 -

1    IT IS FURTHER ORDERED that J. Michael Seyfferle's request for attorney fees is

2  denied.

3  Dated: _12/21/15_

4  _____

5                    THOMAS GREGORY
                     DISTRICT COURT JUDGE

6  Submitted by:
   KAREN L. WINTERS
7  Attorney for Defendant/Movant
   Nevada Bar No. 3086
8  P.O. Box 1987
   Minden, NV 89423
9  (775) 782-7933
   Attorney for J. Michael Seyfferle

10

11 APPROVED AS TO FORM AND CONTENT:

12

13 _____

   LIANNE GIRARDIN
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

**PURSUANT TO THE ORDER OF THE COURT IN THE HEARING ON THIS MATTER, THE FOLLOWING CERTIFICATE OF MAILING WILL BE KEPT CONFIDENTIAL AND NOT PROVIDED TO THE DEFENDANT, AND SHALL BE SEALED FROM THE PUBLIC RECORD.**

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(a), I certify that I am over the age of 18 years, an employee of the LAW OFFICE OF KAREN L. WINTERS, and that on this date, I caused to be deposited for mailing at the United States Post Office at Minden, Nevada, with postage thereupon fully prepaid, a true and correct copy of **ORDER AFTER HEARING ON MOTION FOR AN ORDER TO SHOW CAUSE REGARDING CONTEMPT AND MOTION REGARDING ISSUES NOT PREVIOUSLY ADDRESSED IN THIS DIVORCE (PROPOSED)** addressed as follows:

Lianne Girardin
2731 Table Rock Dr.
Carson City, NV 89706

Dated: December 1, 2015

_____
ANNA M. SIMON

# EXHIBIT "F"

# EXHIBIT "F"

1    CASE NO.: 12-DI-0295

2    DEPT. NO. : II

**RECEIVED**

MAR 2 9 2016

Douglas County
District Court Clerk

*FILED*

2016 MAR 29 AM II: 16

BOBBIE R. WILLIAMS
CLERK

K. WYEERT____DEPUTY

6        IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                 IN AND FOR THE COUNTY OF DOUGLAS

8    LIANNE GIRARDIN, previously known as
     LIANNE SEYFFERLE,                          **DECLARATION OF INTEREST ON**
9                                               **JUDGMENT**
              Plaintiff/Debtor,
10
11   v.

     J. MICHAEL SEYFFERLE,
12
              Defendant/Creditor.
13   _____/

14        I, KAREN L. WINTERS, declare:

15        1.        I am the attorney of record for the Defendant/Creditor in the above-entitled action,

16   authorized to practice before all the Courts of the States of Nevada and California, over the age

17   of 18 years and competent to testify to the matters stated herein.

18        2.        A final Order in the total principal amount of $95,900.93 was entered in the

19   above-styled Court, State of Nevada on December 21, 2015 and no amount of this judgment has

20   been paid to date.

21        3.        In accordance with the stated interest in the judgment herein, and pursuant to NRS

22   17.130, the interest on $62,339.74 bears interest at the rate of 6.25% from November 10, 2014

23   until paid, therefore interest through today, March 28, 2016, on said amount is $5,389.78, and

24   hereafter at the rate of $10.82 per day based upon principal only of the outstanding balance. In

25   addition, the interest on $4,350.09 is at the rate of 11.99% (variable) from November 2014 until

26   paid, therefore interest through today is $736.01. Further, pursuant to NRS 17.130, interest on

27   $21,426.38 is at the rate of 3.5% from December 21, 2016 until paid, therefore interest through

28   today is $202.06. Interest and penalties on the amounts due the IRS have not yet been calculated

1    or provided by the IRS and are therefore not included here. The total amount of interest currently,

2    based on the foregoing, is $6,327.85.

3            I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th

4    day of March, 2016.

5

6                                            KAREN L. WINTERS
                                             Nevada Bar No. 3086
7                                            Law Office of Karen L. Winters
                                             P.O. Box 1987
8                                            Minden, NV 89423
                                             (775) 782-7933
9                                            Attorney for Defendant/Creditor
                                              J. Michael Seyfferle

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28